**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARY MOREILLON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 C 7109** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Mary Moreillon has sued the United States for negligence under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 1346(b). The government has moved for summary judgment. For the reasons stated below, the Court grants the government's motion.

## Background

The following facts are undisputed except where otherwise noted. In August 2013, the Village of Westchester, Illinois leased a building to the United States Postal Service for use as a post office. Under the lease agreement, which had a five-year term, Westchester was responsible for maintaining and, as needed, repairing or replacing the property's common interior and exterior areas. The lease provided that the Postal Service could hire contractors to perform at least some types of exterior maintenance.

In 2014, the Postal Service retained a contractor, Amec Environmental and

Infrastructure, Inc.,[1] to resurface parts of the property's parking lot, including its curbs. Amec planned and designed the project, and it retained a subcontractor, Tully Brothers Paving, to perform the resurfacing work. Amec was responsible for monitoring Tully Brothers' work. The parties dispute whether the Postal Service controlled the contractor or subcontractors' day-to-day work and, specifically, whether it controlled the filling of holes in the ground and the placement of construction barriers.

On September 14, 2015, while the resurfacing was taking place, Moreillon parked in the post office's lot and got out of her car. A concrete curb bordered one side of the spot where she had parked. Beyond the curb was a small grassy area. A folding construction barrier stood on the grass with several other construction barriers leaning against it. There was a hole (which, based on the evidence, seems essentially to have been a depression in the ground) between the curb and the grassy area; no construction barriers covered it.

Moreillon did not notice the hole. When she walked around her car to unstrap her child, she stepped into it and fell down. She alleges that she suffered injuries as a result of the fall. As indicated, she has sued the government for negligence. The government has moved for summary judgment.

## Discussion

A party is entitled to summary judgment only if it demonstrates that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists "if the

---

[1] Amec's name appears to have changed over the course of the project; by March 2015, it was known as Amec Foster Wheeler Environment & Infrastructure, Inc.

evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, the Court construes all facts and draws all reasonable inferences "in favor of the party against whom the motion under consideration was filed."  *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 886 (7th Cir. 2019).

In response to the government's motion, Moreillon filed two documents:  a response to the government's Local Rule 56.1 statement and a statement of additional material facts with seven exhibits.  She did not file a response brief.  This does not, however, mean the government automatically prevails.  The government still must show that it is entitled to judgment as a matter of law based on the uncontroverted facts.  *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995); *Hoang v. Abbott Labs.*, No. 08 C 189, 2009 WL 1657437, at *2 (N.D. Ill. June 12, 2009) (Kennelly, J.).[2]

The Court turns to the question of whether the United States can be held liable on Moreillon's negligence claim.  "The United States as sovereign is immune from suit unless it has consented to be sued."  *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018).  The FTCA provides a limited waiver of immunity and a cause of action for

---

[2] The government has objected to Moreillon's responses to its Local Rule 56.1 statement of facts on the ground that she denies certain facts and qualifies the admission of one fact without providing specific references to evidence or, in a couple instances, without providing any references.  A party responding to a movant's statement of facts under Local Rule 56.1 must, in the case of any disagreement, make "specific references to the affidavits, parts of the record, and other supporting materials relied upon."  N.D. Ill. L.R. 56.1(b)(3)(B); *see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).  The Court has not considered any assertions or denials in Moreillon's response to the government's statement of facts that are unsupported by record cites.

3

tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also Lipsey*, 879 F.3d at 253. It excludes independent contractors from the waiver of immunity. *Id.*; 28 U.S.C. § 2671. For courts deciding whether to apply the independent contractor exception, "[a] critical element in distinguishing an agency from a contractor is the power of the Federal Government to control the detailed physical performance of the contractor." *Lipsey*, 879 F.3d at 253 (alteration in original) (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)).

Moreillon appears to contend that the repaving work created the hole into which she fell and that the contractors were negligent because they did not repair it or place a construction barrier marking it as dangerous.[3] Accordingly, if the Postal Service had the power to control the contractors' detailed physical performance, then Moreillon's negligence claim falls within the FTCA's waiver of immunity, and she can pursue the claim against the United States. *See id.* If, however, the Postal Service lacked such power, the independent contractor exception applies, and the United States cannot be held liable for negligence in this case. *See id.*

There is no evidence in the record from which a reasonable factfinder could find that the Postal Service controlled the contractors' detailed physical performance. Moreillon offers a letter from a Postal Service contracting officer to Amec discussing the repaving project and stating that "[a]ll work, including the commencement of the work, shall be closely coordinated with" a particular Postal Service project manager. Pl.'s L.R.

---

[3] To the extent Moreillon contends that the hole was not result of the repaving work or that a postal employee created the hole, declined to mark it with a construction barrier, or declined to repair it, she has presented no facts supporting those contentions.

56.1 Stat. of Add'l Facts, Ex. 4 (dkt. no. 28-5) at 12.  This indicates that the Postal

Service was involved in some aspects of the work, but it would not permit a reasonable

factfinder to determine that the Postal Service controlled Amec or Tully Brothers'

detailed physical performance.  Moreillon also offers letters from Postal Service

employees to Amec relating to the pre-construction phases of the project contain that

contain similar language.  Again, however, this provides no indication that the Postal

Service controlled the contractors' detailed physical performance on the repaving work.

Similarly, Moreillon offers minutes prepared by Amec from a meeting in July 2015

regarding the project, which name "the on-site USPS contact[s] for the contractors" but

provide no indication that those Postal Service employees could control the contractors'

detailed physical performance.  Pl.'s L.R. 56.1 Stat. of Add'l Facts, Ex. 5 (dkt. no. 28-6)

at 1–2.  Indeed, the evidence indicates just the opposite.  In particular, an employee of

Amec testified that the Tully Brothers (and, accordingly, not employees of the Postal

Service) were responsible for handling on-site details such as determining where to

place construction barriers and taking care of holes in the ground.

Given these facts, no reasonable factfinder could find that the Postal Service

controlled Amec or the Tully Brothers' detailed physical performance in the repaving

project.  For this reason, the independent contractors are covered by the independent

contractor exception to the FTCA, and Moreillon cannot succeed on her negligence

claim against the United States.  Accordingly, the Court need not address the

government's other arguments in support of summary judgment.

## Conclusion

For the foregoing reasons, the Court grants the United States' motion for

5

summary judgment [dkt. no. 19] and directs the Clerk to enter judgment in favor of the

defendant and against the plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  May 14, 2020